Craig S. Mende (cmende@frosszelnick.com)
Evan Gourvitz (egourvitz@frosszelnick.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Tel.: (212) 813-5900
Fax: (212) 813-5901
*Attorneys for Plaintiff Troll Company A/S*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TROLL COMPANY A/S,                      :
                                        :
                        Plaintiff,      :   Case No. 09 CIV 00057 (DLC)
            v.                          :
                                        :
CELESTE STEIN DESIGNS, INC.             :
and CELESTE STEIN,                      :
                                        :
                        Defendants.     :
-------------------------------------------------------x

### STIPULATION AND PROTECTIVE ORDER CONCERNING DISCLOSURE OF CONFIDENTIAL INFORMATION AND DOCUMENTS

WHEREAS, the parties to this action seek to exchange confidential documents and information, as defined below, and protect the confidentiality of those items; and

WHEREAS, the parties agree that access to and use of such documents and information shall be governed and limited by the provisions set forth herein;

IT IS HEREBY STIPULATED AND AGREED between and among Plaintiff Troll Company A/S and Defendants Celeste Stein Designs, Inc. and Celeste Stein, by their undersigned counsel, that:

1. Any document or information not known to the general public that is produced in this proceeding and that the producing party (which may be either a party to this action or a third party) reasonably deems in good faith to incorporate confidential business information,

including, without limitation, confidential customer information, financial information, marketing information, product development, trade secrets, know-how, proprietary data, non-public sales and advertising figures, costs, pricing, technical information, or names of suppliers or distributors, and/or agreements therewith, whether oral or written, including the terms thereof, may be designated by the producing party as "CONFIDENTIAL " or "CONFIDENTIAL: ATTORNEYS' EYES ONLY. "

2. The designation of information as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall not be taken as a determination or admission by the receiving party that such information is in fact protectable as confidential information, trade secret subject matter or otherwise subject to privacy concerns. The designation of information as being "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" does not alter or enhance the nature of that information or its confidentiality or create any presumption of any confidentiality. No party shall be obligated to challenge the propriety of a "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" designation at the time of receipt of such information, and a failure to do so shall not preclude a subsequent challenge to the propriety of the designation.

3. Persons who, by virtue of the conduct of this litigation, have knowledge of information designated "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall not permit its disclosure or that of any information obtained, derived, compiled, or ascertained therefrom, to any person or persons not entitled under this Protective Order to receive such information, nor use such information for any purpose (e.g., to solicit disclosed customers), except for pursuing claims and defenses relating to the subject matter of this

litigation (including any appeals thereof), unless and until such designation is removed either by stipulation by counsel for the parties or by order of the Court.

4. Nothing in this Protective Order shall prevent disclosure of information designated "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" if:

(a) The producing party waives, in writing or on the record of this action, the claim of confidentiality of such information pursuant to this order; or

(b) Such information was already rightfully in its possession or was otherwise rightfully acquired by or on behalf of the receiving party and need not be maintained confidential under the Protective Order; or

(c) Such information was or has become public knowledge without violation of the Protective Order or other than by any act or omission of a receiving party, its counsel, or any independent expert retained on behalf of the receiving party; or

(d) The order of a court of competent jurisdiction releases such information from the restrictions of this Protective Order, including upon an application of a party herein who shows a need for disclosure outweighing the producing party's reason for applying the confidentiality designation.

5. Documents and information designated as "CONFIDENTIAL" shall not be made available or disclosed to any person(s) other than those persons included in Paragraphs 5(a)-(d) below:

(a) The parties and any director, officer or employee of a party who is required by such party to work directly on this proceeding and who has executed an undertaking in the form of Exhibit A to be bound by this Order, with disclosures only to the extent necessary to perform such work;

(b) Outside attorneys for the parties in this proceeding, and paralegals, secretaries or necessary clerical assistants working under the supervision of such attorneys to whom it is necessary that the material be disclosed for purposes of this proceeding;

(c) Consultants or independent experts not employed by or affiliated with a party and retained to assist the attorneys in this action who have executed an undertaking in the form of Exhibit A attached hereto to be bound by this Order; and

(d) The Court and Court personnel and stenographic reporters and/or video operators at depositions taken in this action.

6. Documents and information designated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall not be made available or disclosed to any person(s) other than those persons included in Paragraphs 5(b), 5(c) and 5(d) above.

7. The procedures by which documents or information shall be designated confidential pursuant to the terms of this Stipulation and Protective Order are as follows:

(a) The designation of documents or information as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall be made at a time when a response to an interrogatory or a response to a request for admission is served, when a copy of a document is provided to the other parties, and when an inspection of premises or tangible things is made.

(b) Documents shall be so designated by affixation of the legend "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY," or words to substantially similar effect, upon each page as appropriate. In lieu of marking the original of documents, the party may orally advise opposing counsel of the confidential status of the documents and mark the copies that are produced or exchanged with the appropriate legend.

(c) Information disclosed at a deposition may be designated as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" by either: (i) indicating on the record at the deposition that the testimony is "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" and subject to the provisions of this Order; or (ii) by notifying the opposing party in writing within fourteen (14) business days of the receipt of the transcript of those pages and lines that are "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY." Upon being informed that certain portions of a deposition disclose confidential information, each party must cause each copy in its custody or control to be so marked immediately. Information disclosed at a deposition that is not designated as confidential under the procedures set forth above shall not thereafter be designated as confidential, except as provided in Paragraph 14.

(d) In addition to the foregoing, to the extent that any document contains confidential financial or cost data or describes competitive activities or future plans, the details of which are not relevant to this proceeding, the party may redact such details from documents to be produced, provided that the remainder of the document is produced and an explanation is provided that describes the nature of the redacted material.

8. Any page of a document, response to an interrogatory, request for admission, or deposition transcript filed with the Court for any purpose that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS ' EYES ONLY," or any page of a pleading, motion, brief or other papers filed with the Court containing or disclosing such information, shall be filed with the Court in a sealed, opaque envelope or container including on the outside thereof, case caption, case number and a notification that the contents are subject to a

protective order and the container is not to be opened except upon further order of the Court. Such notification shall be substantially in the following form:

"CONFIDENTIAL

[or CONFIDENTIAL: ATTORNEYS' EYES ONLY]

SUBJECT TO PROTECTIVE ORDER

This envelope (or container) contains documents that
are subject to a Protective Order entered by the Court
in this action governing use of confidential material
and are filed under seal."

9. Disclosure of any information designated "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" by the party to whom it is disclosed shall be solely for the purposes of this litigation, and the information thus disclosed shall not be used for any other purpose, subject to the provisions of paragraph 3 above.

10. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. The entry of this Order shall not be construed as a waiver of any right to make any other type of objection, claim or other response.

11. For purposes of expediting discovery, the parties agree that should any document which arguably contains work product or communications subject to the attorney-client privilege be inadvertently inspected and/or produced, such inspection or production shall not constitute a waiver of the parties' respective work product or attorney-client privileges or any other objection. In the event any party discovers it has received any document that, on its face, is clearly protected by the attorney-client and/or work product privileges, the receiving party: (a)

shall not use the document for any purpose; (b) shall not disclose the information contained therein to any third party; and (c) shall immediately return such privileged materials to the producing party without keeping a copy, regardless of whether or not the producing party has requested the return of such documents.

12. The parties further agree that should any party discover that a confidential document or confidential information was inadvertently produced without having been properly designated as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" as provided herein, the producing party shall give written notice to the other parties within fourteen (14) days of discovering such improper designation. The other parties, upon receipt of such notice, shall take all steps as provided herein to maintain the confidentiality of the document or information. If such document or information has already been disclosed to person(s) other than those entitled to see confidential information pursuant to Paragraphs 5 and 6 above, the party responsible for disclosing such document or information to such other person(s): (i) shall obtain from such other person(s) a signed document in the form of Exhibit A attached hereto, and provide the signed original to the producing party; and (ii) shall take all reasonable steps to collect all originals and copies of such inadvertently improperly designated documents or information from such other persons and return such documents or information to the producing party, or ensure the destruction of such documents at the election of the producing party.

13. Within ninety (90) days of final termination of this proceeding, including all appeals, any party that was furnished with documents and/or materials designated by the producing party as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall, at the election of the producing party, either return to the producing party or cause the permanent destruction of all such confidential documents and/or materials (and copies thereof) as

well as any attorney notes comprising any confidential information derived from those documents and/or materials. The receiving party shall, upon request during such period, also contact all persons to whom the receiving party provided confidential documents (other than those persons identified in Paragraph 5(d)) and request, at the election of the producing party, either the return of the documents or the permanent destruction of such confidential documents and/or materials (and copies thereof). To the extent the documents are returned to the receiving party, the receiving party shall destroy the documents or return them to the producing party, at the election of the producing party.

14. This Stipulation and Protective Order shall be without prejudice to the right of the parties to request additional protection under Fed. R. Civ. P. 26(c) pertaining to discovery requests made and discovery responses provided by any party.

15. In the event that any entity or person subject to this Order receives a subpoena, civil investigative demand or other legal process or request seeking disclosure or production of any document or information received by that person or entity in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY," such entity or person shall give prompt written notice of such request to the party that produced the document or information and provide a copy of such request, subpoena or process to such party. The party receiving the request shall inform the entity issuing or seeking a court to issue such subpoena, civil investigative demand or other request that the information and/or documents sought are confidential and subject to this protective order and shall clearly mark all documents as confidential.

16.    If the producing party has cause to believe that a violation of this Stipulation and Protective Order has occurred or is about to occur, producing party has the right to apply to this Court for appropriate relief.

17.    The parties hereto agree that this Stipulation and Protective Order shall be binding on the parties when signed by their respective counsel, and shall remain in effect (even after the final termination of this proceeding, including all appeals) unless and until the parties stipulate to the contrary, or the Court orders to the contrary.

18.    In the event that counsel for any party withdraws or is dismissed from representation in this action, said counsel shall continue to be bound by this Stipulation and Protective Order and shall not turn over any confidential materials to successor counsel, or any other person except as permitted herein, until successor counsel has agreed to the terms of this stipulation and protective order.

19.    The entry into this Stipulation and Protective Order and the Court's order entered thereon shall be without prejudice to any party's right to question before the Court, by appropriate motion on notice to the opposing party, the basis or appropriateness under the circumstances of any confidentiality designation or claim and on any such motion the entry into this Stipulation shall not be considered to weigh in favor of or against the granting of such a motion.

20.    This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing discovery material called for, and access to such discovery material shall be only as provided for by separate agreement of the parties or by the Court.

Dated: New York, NY
June 3, 2009

TROLL COMPANY A/S

By its Attorneys,

_____
Craig S. Mende (cmende@frosszelnick.com)
Evan Gourvitz (egourvitz@frosszelnick.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017
Phone: (212) 813-5900
Fax: (212) 813-5901

Dated: Houston, TX
June 3, 2009

CELESTE STEIN DESIGNS,
INC. and CELESTE STEIN

By their Attorneys

_____
Delphine M. James (dmjamesjd@aol.com)
LAW OFFICE OF DELPHINE JAMES
2656 South Loop West, Suite 170
Houston, Texas 77054.
Phone: (713) 661-4144
Fax: (713) 661-4145

Sonya Del Peral
Law Office of Sonya Del Peral
22 Park Row
Chatham, New York 12037
Phone: 518-392-4267
Fax: 518-392-4389

SO ORDERED:

_____
United States District Judge

June 5, 2009

This stipulation binds the parties to treat as confidential the documents so classified. The Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review. Moreover, the Court does **NOT** so order ¶ 8, which purports to authorize the parties to file documents under seal without a prior court order.

dlc

{F0465691.2} 10

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TROLL COMPANY A/S,

                Plaintiff,    :   Case No. 09 CIV 00057 (DLC)

v.

CELESTE STEIN DESIGNS, INC.
and CELESTE STEIN,

                Defendants.
-----------------------------------------------------------x

## UNDERTAKING TO BE BOUND
## BY STIPULATED PROTECTIVE ORDER

I have read the Stipulation and Protective Order entered into in this action and agree (a) to be bound by the terms and conditions listed therein; (b) not to reveal information covered by the Stipulation and Protective Order to anyone other than another person designated to receive such information; (c) to use such information solely for purposes of this action and for no other litigation; and (d) that such information shall not be used for any other purpose.

Date: _____     Signature: _____

                              Printed Name: _____

                              Address: _____

                                                   _____

{F0465691.2}